■ VERNETTE ABRAHAMS, Appellant, v. ERNEST DICKENS, Respondent.— In a proceeding pursuant to section 122 of the Domestic Relations Law, to establish the defendant's paternity of a child born out of wedlock and to compel defendant to support said child, the complainant appeals from an order of the Children's Court, Dutchess County, entered November 14, 1961 upon the opinion-decision of the court after a nonjury trial, dismissing the complaint. Order reversed on the facts, without costs, and proceeding remitted to the court below for further proceedings not inconsistent herewith and for the entry of an appropriate decree. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the evidence adduced established clearly the defendant's paternity of the child born to the complainant on July 28, 1959. It is true that prior to such date the complainant was a person of doubtful virtue. It appears she and defendant had engaged in an act of coition in the front seat of a parked car in the presence of another couple who were similarly engaged on the back seat; and that on the occasion of complainant's first sexual experience with defendant she was no virgin. However, despite her character and her prior acts the fact remains that the defendant has unequivocally admitted that on the crucial date in issue they had engaged in coitus without the use of any contraceptive device. Moreover, the record is barren of any testimony that, during the controlling period, anyone other than this defendant could have been the father. Accordingly, in the exercise of our statutory power to determine the issues of fact (Civ. Prac. Act, § 584), we adjudge defendant to be the father of complainant's child. We remit the proceeding to the trial court, however, for its determination of the quantum of support for the child and for the entry of an appropriate decree. Incident to such determination the trial court may hold such further hearings and take such further proof as may be relevant and necessary. Christ, Hill and Rabin, JJ., concur; Ughetta, Acting P. J., and Kleinfeld, J., dissent and vote to affirm the order on the opinion-decision of the court below.

■ JACOB BLUM, Appellant, v. IDA BLUM et al., Respondents.— In an action to declare as terminated a certain written agreement among the plaintiff, the defendant Ida Blum (plaintiff's wife) and the remaining defendants as escrowees, the plaintiff appeals from an order of the Supreme Court, Kings County, dated March 19, 1962, which (a) denied his motion for summary judgment as prayed for in the complaint; (b) granted the cross motion of the defendant Ida Blum for summary judgment dismissing the complaint; and (c) directed the entry of judgment in favor of said defendant and the defendants-escrowees dismissing the complaint. Order affirmed, with $10 costs and disbursements to defendant Ida Blum. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.